J-S34033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN JAMES NEELY | |
| Appellant | No. 1631 MDA 2014 |

Appeal from the PCRA Order entered August 12, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001329-2010

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 20, 2015**

Kevin James Neely appeals *pro se* from an order dismissing his PCRA[1] petition as meritless.  We affirm.

A jury convicted Appellant of attempted murder and other crimes for beating, pistol-whipping, and shooting a Harrisburg nightclub bouncer on December 18, 2009.  Because of the serious nature of the crimes and Appellant's extensive criminal history, the trial court sentenced Appellant to 25 to 50 years in prison.  On direct appeal, this Court affirmed in part and vacated in part the judgment of sentence.[2]  **Commonwealth v. Neely**, 55

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

[2] We vacated in part to correct a sentencing error that did not affect Appellant's aggregate sentence.

A.3d 130 (Pa. Super. 2012) (unpublished memorandum). Appellant filed a timely PCRA petition, and the PCRA court appointed counsel. PCRA counsel concluded that no meritorious issues existed and moved to withdraw under **Turner**/**Finley**.[3] Because of an oversight, PCRA counsel did not attach his no-merit letter, but later corrected the error by filing the no-merit letter of record. Thereafter, the PCRA court issued a notice of intention to dismiss without a hearing Appellant's PCRA petition under Pa.R.Crim.P. 907 (Rule 907 notice). After Appellant responded, the PCRA court issued a final order dismissing the petition, from which Appellant appeals.

Appellant raises five claims of error, which we reproduce verbatim:

1. Whether the Dauphin County Court Erred in denying the petitioner's PCRA petition without a hearing, and granting Counsel Bryan E. DePowell's Motion to Withdraw without filing the Statutorily Required Motion in support of the "No Merit" Finley/Turner letter/request to Withdraw.

2. Whether Counsel Bryan E. DePowell, provided ineffective assistance of counsel to this petitioner, and denied this petitioner's United States Constitutional Rights under the Sixth (6) and Fourteenth (14) Amendments: Effective Assistance of Counsel; Due Process; and Equal Protection. Also Pa. State Constitution Art 1 § 9.

3. Whether Counsel Bryan E. DePowell, was ineffective for failing to follow mandatory appellate rules, pursuant to: ANDERS v California,Supra; COMM. v. FINLEY,Supra; COMM. v. TURNER,supra; and EVITTS V. LUCEY,Supra.

---

[3] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

4. Whether the Dauphin County Court abused its discretion, for failing to consider this petitioner's Motion to Withdraw Counsel 'INTER ALIA' Ineffective Assistance of Counsel, and Appointing New Counsel on behalf of this petitioner Pursuant to Pa. R. of Crim. Proc., Rule 122(c)(2); Also, creating a substantial Conflict of Interest between petitioner and Counsel.

5. Whether this petitioner is entitled to an Evidentiary Hearing and the Appointment of New Counsel, due to the Dauphin County Court's abuse of discretion/error, and Counsel's ineffective representation.

Appellant's Brief at 3.[4]

On appeal from an order dismissing without a hearing a PCRA petition, our standard and scope of review are as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

---

[4] Appellant asserts that the PCRA court answered in the negative all of his questions in its Pa.R.A.P. 1925(a) opinion, but the PCRA court did not issue a Rule 1925 opinion. Instead, the PCRA court issued its opinion concomitant with the Rule 907 notice.

In his first issue, Appellant contends the PCRA court erred in granting PCRA counsel's motion to withdraw. Appellant raises two specific errors: PCRA counsel failed to file his no-merit letter at the same time as his motion to withdraw, and PCRA counsel failed to satisfy the requirements of *Anders* and *McClendon*.[5]

Preliminarily, though Appellant couches his argument in terms of ineffective assistance of counsel, a claim that a PCRA court erroneously allowed counsel to withdraw under *Turner*/*Finley* is not an ineffectiveness claim. *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012). We will address Appellant's ineffectiveness claim separately.

Withdrawal under *Turner*/*Finley* in the PCRA court contemplates the following steps, as developed by our courts in a series of cases:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the PCRA petitioner's issues; and explains why those issues are meritless.

(2) PCRA counsel must file a motion to withdraw; serve the PCRA petitioner with the motion and the no-merit letter; and advise the petitioner that if the court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) The PCRA court must conduct its own independent review of the record and agree that the petition is meritless.

_____

[5] *Anders v. California*, 386 U.S. 738 (1968), and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *modified in part by*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by*, *Pitts*).

We find that PCRA counsel substantially complied with the *Turner*/*Finley* procedure. As noted above, PCRA counsel moved to withdraw on December 17, 2013, without attaching the required no-merit letter. PCRA counsel later corrected this oversight on January 17, 2014. The PCRA court granted the motion to withdraw and issued its Rule 907 notice on June 3, 2014—months later. In fact, the record shows that Appellant filed a response to PCRA counsel's no-merit letter, as well as a response to the Rule 907 notice. Thus, PCRA counsel's oversight was immaterial, and did not prejudice Appellant.

We also reject Appellant's contention that PCRA counsel failed to follow the requirements of *Anders* and *McClendon*. Those cases address the procedure for appointed counsel to withdraw on direct appeal—not in a PCRA proceeding. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) ("Briefs filed pursuant to *Anders* and [*McClendon*] are procedurally appropriate on direct appeal; they are inappropriate on appeals involving PCRA petitions."). Appellant also cites *Evitts v. Lucey*, 469 U.S. 387 (1985) (holding a criminal defendant is entitled to effective assistance of counsel on a first direct appeal of right), which is inapplicable.

Appellant does not challenge the PCRA court's independent conclusion that his PCRA petition was meritless. In any event, our review of the record confirms that the PCRA court adequately reviewed the record and did not err in finding the petition meritless. Therefore, Appellant is not entitled to relief on his first argument.

In his second argument, Appellant contends that PCRA counsel rendered ineffective assistance of counsel under the Sixth and Fourteenth Amendments.[6] This argument is without merit. There is no federal constitutional right to court-appointed post-conviction counsel. ***Commonwealth v. Holmes***, 79 A.3d 562, 580 (Pa. 2013); ***see also Pennsylvania v. Finley***, 481 U.S. 551, 555 (1987) (declining to hold that post-conviction petitioners have a right to counsel when mounting collateral attacks on their convictions).

To the extent Appellant challenges PCRA counsel's effectiveness under his rules-based right to counsel, ***see*** Pa.R.Crim.P. 904(C), we reject his argument. We already have held that the PCRA court did not err in allowing PCRA counsel to withdraw under ***Turner***/***Finley***. On appeal, Appellant fails to mention, let alone discuss, any ineffective assistance of **trial counsel**, constitutional errors, or any other cognizable PCRA claims. ***See*** 42

---

[6] Appellant repeatedly raised PCRA counsel's ineffectiveness before the PCRA court. ***Cf. Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (holding PCRA petitioners may not challenge the effectiveness for the first time on appeal).

Pa.C.S.A. §§ 9542, 9543(a)(2). In providing its Rule 907 notice, the PCRA court determined that any cognizable PCRA claims were meritless—a finding Appellant fails to challenge. *See supra*. Thus, PCRA counsel cannot be deemed ineffective, because any underlying issues are meritless. *See Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").

In his third argument, Appellant combines and repeats his first two arguments. We already have explained why those claims do not entitle him to relief.

In his fourth argument, Appellant contends the PCRA court erred in denying his motion to remove PCRA counsel and appoint new counsel. This argument, too, is meritless. The PCRA court denied as moot Appellant's motion to remove PCRA counsel, because it granted PCRA counsel's motion to withdraw. Moreover, a petitioner whose counsel is granted leave to withdraw under *Turner*/*Finley* is no longer entitled to appointed counsel:

> [W]hen counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the [R]ules of [C]riminal [P]rocedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in *Turner*, **new counsel shall not be appointed** and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

*Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989) (footnote omitted) (emphasis added).

Finally, Appellant contends the PCRA court erred in denying a hearing on his claims. To be entitled to a hearing, a PCRA petitioner must raise an issue of fact that would entitled him to relief. ***Commonwealth v. Simpson***, 66 A.3d 253, 260-61 (Pa. 2013). Here, the PCRA court conducted an independent review under ***Turner***/***Finley***, and concluded that Appellant's PCRA petition was meritless. On appeal, Appellant does not set forth a cogent basis to conclude that the PCRA court erred. Therefore, he is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015